UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Ray Phillips, Jr., and<br>Michelle U. Phillips,<br><br>     Plaintiff,<br><br>vs.<br><br>SunTrust Bank, a Georgia banking Corporation<br><br>     Defendant.<br>_____ | ) C/A No.: 6:09-2852-RBH-BHH<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>)<br>) |

  Plaintiffs, residents of Greenville, South Carolina, and Laurens, South Carolina have filed this approximately 200 page civil action, including attachments, *pro se*, against SunTrust Bank (defendant), a Georgia banking corporation. Defendant filed an action for mortgage foreclosure and deficiency judgment against the plaintiffs and junior lien holders in the Court of Common Pleas for Greenville County on August 11, 2009. Plaintiffs now claim in this matter that defendant has committed "Trespass" against them. Plaintiffs allege they have been injured by SunTrust's "fraudulent attempt to unlawfully take valuable assets in excess of $400,000 from us." Plaintiffs seek "treble the damages [SunTrust seeks] from us, or One and Two-tenths million ($1,200,000) dollars in damages."

  In their complaint, plaintiffs refer to the "requirements for a lawful contract" and state "[t]he Principals involved in the Promissory Note and Mortgage had no authority to claim a debt was owed them by David Ray Philips, Jr[.] and Michelle U[.] Phillips as no proof of claim was ever shown to exist." Plaintiffs also claim defendant "has violated 18 U.S.C. §1346, 'Honest Services Fraud.'" Plaintiffs maintain this action is a "counter complaint.....instituted under the Consumer Credit Protection Act, 15 USC "1601 et seq.

and Title 12 Code of Federal Regulations, Part 226, regulation Z and X. Jurisdiction of this court is invoked pursuant to Title 15 USC §§1601, 1640(e)."

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 60 U.S.L.W. 4346, 118 L.Ed.2d 340, 112 S.Ct. 1728, (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325, (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, (1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). This court is required to construe *pro se* complaints liberally. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, (4th Cir. 1990).

The complaint is characterized by what some courts have described as "buzzwords" or "gibberish[.]" *See Coghlan v. Starkey*, 852 F.2d 806, 812-816 (5th Cir. 1988)(collecting

cases); *Ramos v. Thornburg*, 732 F. Supp. 696, 702 (E.D.Texas 1989); *Peebles v. National Collegiate Athletic Association*, 1988 U.S.Dist. LEXIS® 17247 (D.S.C., November 1, 1988)(magistrate judge's Report and Recommendation), *adopted*, 723 F. Supp. 1155 (D.S.C. 1989), *affirmed*, 887 F.2d 1080 (4th Cir. 1989)[Table]; *United States v. Messimer*, 598 F. Supp. 992, 993 (C.D.Cal. 1984)(describing pleadings filed by *pro se* litigant as "thirty-four pages of bizarre, repetitive and incomprehensible claims, contentions and sometimes gibberish"); *U.S.A. ex rel. Cole v. La Vallee*, 376 F. Supp. 6, 12 (S.D.N.Y. 1974); and *Sauers v. Commissioner*, 771 F.2d 64, 66 (3rd. Cir. 1985), In fact, the complaint in the case at bar is somewhat similar to the *pro se* pleadings filed by a litigant in *Bryant v. U Haul*, 1994 WESTLAW® 67803 (E.D.Pa., February 25, 1994)("Aside from these slight variations, each complaint consists merely of an unintelligible recitation of unconnected names and places or similar gibberish."). Indeed, it appears that the plaintiff has been "borrowing" phrases and language from law dictionaries, and legal digests.

What can be ascertained from the pleadings is that the plaintiffs seek to challenge the mortgage foreclosure proceedings filed in the Greenville County Court of Common Pleas, which is a court in the State of South Carolina's unified judicial system. *See* Article V, Section 1 of the Constitution of the State of South Carolina ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); *City of Pickens v. Schmitz*, 376 S.E.2d 271, 272 (1989); *Spartanburg County Dept. of Social Services v. Padgett*, 370 S.E.2d 872, 875-876 & n. 1 (1988); and *Cort Industries Corp. v. Swirl, Inc.*, 213 S.E.2d 445, 446 (1975).

Longstanding precedents preclude the United States District Court for the District

of South Carolina from reviewing the findings or rulings made by state courts. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983). In *Feldman*, the Supreme Court of the United States held that a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257. *See also Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). This prohibition on review of state court proceedings or judgments by federal district courts is commonly referred to as the *Rooker-Feldman* doctrine or the *Feldman-Rooker* doctrine. *See, e.g., Ivy Club v. Edwards*, 943 F.2d 270, 284 (3rd Cir. 1991). The *Rooker-Feldman* doctrine applies even when a challenge to a state court decision concerns a federal constitutional issue. *District of Columbia Court of Appeals v. Feldman*, *supra*, 460 U.S. at 484-486, and *Arthur v. Supreme Court of Iowa*, 709 F. Supp. 157, 160 (S.D.Iowa 1989). The *Rooker-Feldman* doctrine also applies even if the state court litigation has not reached a State's highest court. *Worldwide Church of God v. McNair*, 805 F.2d 888, 893 & nn. 3-4 (9th Cir. 1986). *See also* 28 U.S.C. § 1738 (federal court must accord full faith and credit to state court judgment); and *Robart Wood & Wire Products v. Namaco Industries, Inc.*, 797 F.2d 176, 178 (4th Cir. 1986).

Thus, the plaintiff may not file a civil action to challenge the determinations or rulings of the Greenville County Court of Common Pleas *See Anderson v. Colorado*, 793 F.2d 262, 263 (10th Cir. 1986)("[I]t is well settled that federal district courts are without authority to review state court judgments where the relief sought is in the nature of appellate review."); and *Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986), where a *pro se* plaintiff brought a § 1983 action against his ex-wife, her attorney, and the judge who presided over the divorce action. The United States Court of Appeals for the Fifth Circuit

held that characterization of a suit as a civil action is ineffective to defeat the well-settled rule that litigants may not obtain review of state court actions by filing complaints in lower federal courts "cast in the form" of a civil suit. *See also Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981); and *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587-588 & nn. 2-4 (4th Cir. 1969)(holding that federal district courts and United States Courts of Appeals have no appellate or supervisory authority over state courts). *Accord Hagerty v. Succession of Clement*, 749 F.2d 217, 219-220 (5th Cir. 1984)(collecting cases); *Kansas Association of Public Employees v. Kansas*, 737 F. Supp. 1153, 1154 (D.Kan. 1990).

In short, the Rooker-Feldman doctrine would apply to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005).

Applying these holdings to the above-captioned matter, it is clear plaintiffs are attempting to collaterally attack the state court proceedings. As noted above, plaintiffs refer to the "requirements for a lawful contract" and state "[t]he Principals involved in the Promissory Note and Mortgage had no authority to claim a debt was owed them by David Ray Philips, Jr[.] and Michelle U[.] Phillips as no proof of claim was ever shown to exist." Plaintiffs also raise allegations of fraud, and refer to this matter as a "counter complaint."

Thus, to grant plaintiff's relief, this court would be forced to review the state court proceedings and reject its disposition of the matter. As such, the Rooker-Feldman doctrine applies, precluding federal jurisdiction. This is true even though the plaintiffs attempt to

assert federal jurisdiction.

To establish federal question jurisdiction, plaintiffs' bear the burden of demonstrating that a substantial question of federal law is raised by their complaint. A mere allegation that a federal statute has been violated is not sufficient. *Scott v. Wells Fargo Home Mortgage Inc.*, 326 F.Supp.2d 709 (E.D.Va. 2003). Federal jurisdiction is not evoked by merely citing a federal statute. *Republic Finance v. Cauthen*, 343 F. Supp.2d 529 (N.D. Miss. 2004). A review of the pleadings reveal that plaintiffs have failed to establish federal jurisdiction.

### RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*, supra; *Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe*, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); *Boyce v. Alizaduh, supra; Todd v. Baskerville, supra*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B).

Bruce H. Hendricks
United States Magistrate Judge

November   , 2009
Greenville, South Carolina

***The plaintiff's attention is directed to the important notice on the next page***.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).